UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSPEH PIARD, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN MURPHY, )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>NO. 24-40005-MRG |

**ORDER**
**January 23, 2024**

**GUZMAN, D.J.**

Plaintiff Joseph Piard, who is confined at the North Central Correctional Institution in Gardner, Massachusetts ("NCCI Gardner"), has submitted an unsigned one-page letter (ECF No. 1) addressed to one of the Court's clerks in which he states that "the letter is to file a complaint about Carolyn Murphy, the librarian at NCCI Gardner." According to Piard, Murphy reads the legal documents that he submits for copies. Piard asserts that, in doing so, Murphy violates his rights under the Fourteenth Amendment. He indicates that he has filed a grievance concerning this matter.

For the reasons set forth below, the Court will order Piard to resolve the filing fee and to file an amended complaint. Failure to comply with this order may result in dismissal of this action without prejudice.

**I.      Filing Fee**

The fee for commencing a non-habeas civil action consists of a $350 statutory fee, *see* 28 U.S.C. § 1914(a), and a $55 administrative fee (collectively, "the filing fee"). Although the

filing fee is due at the time the complaint is filed, a federal court may allow a litigant to proceed without prepayment of the filing fee if the litigant is without income or assets to do so.

Piard has not paid the filing fee or asked for permission to prosecute his action without prepayment of the filing fee. If he wishes to prosecute this action, he must resolve the filing fee. As set forth below, under the Prison Litigation Reform Act ("PLRA"), there are filing fee issues that are unique to prisoners of which Piard should be aware.

### A. *In Forma Pauperis* Motion and Prison Account Statement

A plaintiff in federal court may ask for permission to proceed without prepayment of the filing fee by completing, signing, and submitting an Application to Proceed in District Court without Prepaying Fees or Costs (often referred to as a motion for leave to proceed *in forma pauperis*). When a prisoner seeks leave to proceed without prepayment of the filing fee, federal law requires the prisoner also to provide a prison account statement "for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

### B. Court Cannot Waive $350 Statutory Filing Fee for Prisoners

Although a federal court may allow a prisoner plaintiff to prosecute his action without *prepayment* of the filing fee, a federal district court does not have authority to waive the $350 statutory filing fee if the plaintiff is a prisoner. *See* 28 U.S.C. § 1915(b).

Instead, a prisoner plaintiff must pay the $350 statutory fee over time. Based on the information in a prisoner's prison account statement, a federal court assesses an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Thereafter, the prisoner is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The treasurer of the facility in which the prisoner is confined "shall

forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Thus, even if the Court allows Piard to prosecute this action without paying the entire filing fee *upfront*, Piard will still be required to pay the $350 statutory filing fee over time—regardless of the duration or outcome of the action. This is true even if the case is dismissed upon an initial screening and the defendants are never required to respond. *See* 28 U.S.C. § 1915A. Piard should not pursue this action if he is not willing to assume this financial obligation.

### C. "Three Strikes" Rule

The PLRA also contains a so-called "three strikes" rule that can prevent a prisoner plaintiff from proceeding without prepayment of the full filing fee. Under the PLRA, in a non-habeas civil action, a prisoner generally cannot proceed without prepayment of the filing fee if he has, on three or more prior occasions, brought an action or appeal that was dismissed on the ground that it was frivolous, was malicious, or failed to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g). Where a prisoner accumulates "three strikes," he may proceed without prepayment of the fee only if he is "under imminent danger of serious physical injury" with regard to the misconduct alleged in the complaint. *Id.*

## II.     Filing of an Amended Complaint

Although Piard's letter identifies the nature of Murphy's alleged misconduct, it does indicate when the events occurred. In addition, Piard did not indicate what relief he seeks.

Piard also did not sign the complaint. Under the Federal Rules of Civil Procedure, a plaintiff or defendant (or their attorney) must file every paper they file in a federal district court. *See* Fed. R. Civ. P. 11(a). This signature is important because it constitutes a certification to the

court that, to the best of the filer's knowledge, the document is presented in good faith and for a proper purpose, the claims or defenses are supported by the law, and factual allegations have or will have evidentiary support. Fed. R. Civ. P. 11(b).

If Piard wishes to proceed with this action, he must file an amended complaint to cure these deficiencies. The Court also notes other provisions of the Federal Rules of Civil Procedure that are applicable to the drafting of a complaint. "The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The Court will review the amended complaint before requiring the defendants to respond. *See* 28 U.S.C. § 1915A. On this review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### III.   Conclusion

In accordance with the foregoing, the Court hereby orders:

(1)   If Piard wishes to pursue this action, he must, within thirty-five (35) days, either (a) pay the $405; or (b) file a completed Application to Proceed in District Court without Prepaying Fees or Costs with the required six-month prison account statement.

(2)   If Piard wishes to pursue this action, he must, within thirty-five (35) days, file an amended complaint in accordance with the requirements identified above.

Failure to comply with (1) or (2) will result in dismissal of this action without prejudice.

The Clerk shall provide Piard an Application to Proceed in District Court without Prepaying Fees or Costs.

**So Ordered.**

        /s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2024