**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JOSEPH PIARD, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | **NO. 24-cv-40005-MRG** |
| ) | |
| **CAROLYN MURPHY** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER ON MOTION TO DISMISS [ECF No. 14]

**GUZMAN, D.J.**

Plaintiff Joseph Piard, Jr. who is confined at the North Central Correctional Institution (NCCI) in Gardner, Massachusetts, brings this action against Carolyn Murphy, who was working as a librarian at NCCI, for allegedly reading Piard's legal mail. For the reasons set forth below, the motion to dismiss is **GRANTED without prejudice.**

## I.    Background

Piard claims that, on December 29, 2023, he requested that the prison librarian, Defendant Murphy, make photocopies of some legal documents. [ECF No. 8 at 2; ECF No. 5 ("legal documents that I was sending to the United States District Court of Worcester")]. Piard alleges that the Defendant took the documents into her office instead of screening them in his presence. [ECF No. 8 at 2]. Piard alleges that Murphy "took the documents . . . to read them." [Id.] Piard does not state how long the Defendant took to screen his documents and photocopy them, but the grievance document he filed indicates that photocopying occurred within one business day. [Id.] Piard alleges this was not the first time this happened, but does not provide any dates or details about any other incidents. [See ECF Nos 1, 5, & 8].

1

## II.    Legal Standards

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  The complaint must give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In evaluating whether a complaint states a claim upon which relief may be granted, the Court considers only "well-pleaded" factual allegations.  In other words, allegations that consist merely of "labels and conclusions" are not credited.  Twombly, 550 U.S. at 555. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (quoting Twombly, 550 U.S. at 557).  Instead, the well-pleaded facts, treated as true, must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

The Court is mindful of Piard's *pro se* status and acknowledges that the Court must construe his allegations liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Indeed, a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Id. (quoting Estelle v. Gamble, 429 U.S. 97, 107 (1976)). That said, *pro se* litigants "still must comply with procedural and substantive law" and "[d]ismissal of a pro se complaint is appropriate when the complaint fails to state an actionable claim." Harihar v. U.S. Bank Nat'l Ass'n, No. 15-cv-11880-ADB, 2017 U.S. Dist. LEXIS 50596, at *14 (D. Mass. Mar. 31, 2017) (citations omitted).

The Court, reading the complaint liberally, construes Plaintiff's claim as a violation of the First Amendment, actionable under 42 U.S.C. § 1983. Prisoners have rights under the First Amendment to send and receive mail, subject to restrictions reasonable related to penological interests. Pell v. Procunier, 417 U.S. 817, 822 (1974) ("a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."); Novosel v. Wrenn, No. 10-cv-165-PB, 2010 U.S. Dist. LEXIS 125973, at *8-9 (D.N.H. Nov. 18, 2010) ("Prison inmates maintain a First Amendment right, albeit not an unlimited right, to send and receive mail.") (citing Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 129 (1977)). However, "[n]egligent interference with legal mail is not actionable under section 1983." Osahenrumwen Ojo v. Hillsborough Cty. Dep't of Corr., No. 11-cv-210-JL, 2011 U.S. Dist. LEXIS 151022, at *10 (D.N.H. Dec. 21, 2011) (collecting cases). Rather, an inmate must demonstrate that prison officials "regularly and unjustifiably interfered with his legal mail." Davis v. Goord, 320 F.3d 346, 351-52 (2d Cir. 2003) (two incidents of mail interference insufficient to state First Amendment violation where inmate "alleges neither the establishment of an ongoing practice by prison officials of interfering with his mail nor any harm suffered by him from the tampering"). Such interference must be intentional with improper motive, and the inmate must demonstrate they are harmed as a result. Conway v. Jackson, No. 5:10CV00225 JLH-BD, 2010 U.S. Dist. LEXIS 93100, 2010 WL 3547226, *2 (E.D. Ark. Aug. 16, 2010) (isolated incident of jail official opening inmate's legal mail outside of inmate's presence does not give rise to liability "without evidence of improper motive" or injury resulting), adopted, 2010 WL 3547225 (E.D. Ark. Sept. 7, 2010).

**III.    Discussion**

Plaintiff's complaint must be dismissed for failure to state a claim because he fails to meet the plausibility standard of pleading. Piard fails to offer any evidence that Murphy improperly read his legal mail. NCCI Procedures require prison librarians to review inmate documents submitted for copying – even legal materials – to ensure that the documents are legitimate legal materials and that they do not contain impermissible contraband. [ECF No. 15 at 6-7 (citing NCCI Procedure 478)[1]]. Piard does not allege any facts to support that Defendant Murphy did anything other than screen his mail and photocopy it. He does not allege how long the process took, or if it was an abnormally long period of time. NCCI Procedure 481 states that "completed copies will be returned to the inmate in approximately one business day." [ECF No. 8 at 2]. Piard alleges that he "never heard the copy machine going off" but does not say his documents were not returned to him or that photocopies were not provided. [ECF No. 1 at 1]. The response by the Institutional Grievance Coordinator indicates that photocopying occurred within one business day. [ECF No. 8 at 2]. The Court is not aware of a requirement that librarians screen inmates' documents for photocopying in their presence, and NCCI Procedure 481's stipulation that the process of photocopying could take up to one business day contemplates some handling of the documents outside the presence of the inmate.

Based on the complaint and supporting documents filed, [ECF Nos. 1, 5, & 8], Piard has only raised an "inference of . . . the mere possibility of misconduct[,]" which is insufficient to state a claim for relief. Iqbal, 556 U.S. at 679. Accordingly, the complaint is

---

[1] The Court may take judicial notice of public policies. Fed. R. Evid. 201. See Daly v. Mason, 2024 WL 4426420 (U.S.D.C. Mass. September 30, 2024) (Guzman, J.).

dismissed; however, considering Plaintiff's *pro se* status, the dismissal will be without prejudice.

**V.       Conclusion**

For the reasons stated above, Defendant's motion to dismiss, ECF No. 14, is

**<u>GRANTED without prejudice.</u>**

**So Ordered.**

Dated: September 29, 2025

         /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge